O’Neall, J.
delivered the opinion of the Court.
In this case, the Court is entirely satisfied with the result of the case below.
No other comment would be made on the case, was it not for the second ground of appeal. That demands, however, a word or two. The impropriety of such a ground is seen in the fact that the appellants’ learned counsel refused to sign the grounds of appeal. Still, if it were to be argued by attorneys here, it ought to have had the benefit of their names as-a sanction.
The administration of justice, in a Court, necessarily demands a large share of discretion, unregulated by precise rules, from the presiding Judge. His choice to the position which he holds, his continuance in it, his learning, experience, and impartiality, are supposed to be guards enough against its improper exercise.
The intercourse between the jury and the bench is, in many respects, very confidential. Often the communications from-the jury are of that kind which ought not to be communicated to the bar. The case before us is an illustration of that. To have communicated the foreman’s inquiry would have been to announce the result of the case before the verdict was published. This is so irregular that it would have furnished a much better ground of appeal than that under consideration. So, too, the foreman ^of the jury often says to the Judge, “We are divided, ten to'two; we can’t agree, what *301 are we to do ?” Is that to be communicated to the counsel 1 Certainly not.
There can be but one proper rule upon the subject: that is, to trust all these matters to the discretion of the Judge. When it is proper that the attention of the bar should be called to the doubts of the jury, it will be done. From the first organization of our judicial system we have gone on, without difficulty, under this discretionary adminitetration. The confidence of the bar in the bench has prevented any thing, in the shape of suspicion, from doubting the propriety of the administration of justice daily administered in their presence.
The case from Pickering, 1st vol. 337, Sargent v. Roberts et al., seems to have given occasion to the 2d ground. That case is, I think, of very questionable propriety. For even to hold after the jury is sent out, and a constable sworn in charge of them, and the Court is adjourned over to the next day, that the jury should have no communication with them, is, I think, pushing judicial coyness to the very verge of mere prudery. Honesty in every thing goes upon the motto, “think no evil.” Whenever a man begins to thmk that he is suspected of dishonesty, there is great danger of his being dishonest. In this State we never have pursued any such practice. Here we have been willing to leave it where it should be left — to the discretion of the Judge.
But that case from Pickering is not at all like this. There the communication was after adjournment — here it was se-dente curia — there it was a written charge. Here it was merely a direction as to the form of the verdict on which the jury had already agreed. The motion is dismissed.
Richardson, J. Evans, J. Wardlaw, J. Frost, J. and Withers, J. concurred.

Motion refused.